Good morning, Your Honors. Good morning. My name is Claudia Natalia, representing Delta Mechanical. I will strive to save two minutes of my time. Since the topic appears to have been addressed in some respects this morning, I will start with the point that minds can differ and, in fact, did differ in this case. We had two district court judges that render precisely different opinions. And that makes the last point regarding why a reversal of the Arizona district court judge is required. Simply, if for no other reason, if this court chose not to follow the estoppel argument and if this court chose not to find that, as a matter of law, Delta Mechanical is entitled to its third-party beneficiary status, surely it is our view that the trial judge in Arizona failed to really and properly analyze the issue on how a determination must be made of whether or not a party is a third-party beneficiary. The district court judge in Arizona stopped at the question of, do I see absolutely expressed language in the settlement agreement, and I'm referring to the class action settlement agreement. He found, no, I don't, end of inquiry. That's not the law. We're dealing with Missouri law. And if we take a look at the volume services case, that case very clearly goes on if there is some ambiguity in the agreement. You then must look at the circumstances surrounding the execution of the agreement, including, quote, the apparent purpose the parties intended to accomplish. Now, opposing counsel says that in volume services the contract wasn't before the judge, and basically the court was saying you have to go look at the contract. Here we do have the contract. So it seems like it's somewhat distinguishable. But let me ask you a question about Missouri law. Is it Missouri or Missouri? I have different people telling me different things. Okay. I wouldn't be the wrong person. Does Missouri adopt the restatement generally, the restatement of contracts generally, or does it have its own version of the third-party beneficiary rules? The restatement seems to have been filed in Missouri, but really in the briefing regarding third-party beneficiaries, we did not really focus on that. So with regards to your very specific question, it doesn't come to mind that we relied on that, but I did see it cited in some of the opinions that I would not be able to represent unequivocally on that issue. At least it does not come to mind. When I look at the restatement, and I think you cite this in Restatement 302, they have an example that B contracts with A to buy a new car manufactured by C. C is an incidental beneficiary, even though the promise can only be performed if money is paid to C. And isn't that the case here, that the tank manufacturers contracted with the settling plaintiffs to provide the dip tube fixes via services provided by various plumbing experts? And so why doesn't that example fit here, making your client nearly an incidental beneficiary, not intended? Looking at the purpose of the settlement agreement, the class members were seeking to obtain a repair of the damaged dip tubes. They were then seeking not to be liable for payment for the services themselves, but to put that obligation upon the water tank defendants. So they wanted the benefit of the repair, not the obligation of payment, to then give the benefit of payment against the water tank defendants to transfer that benefit to the approved plumbers, of which Delta was an admitted part of the class. That puts Delta squarely within the designation that it's addressed in the, more specifically, the Nelson case of the Doney beneficiary. Well, I know the Nelson case seems, and I guess the question is, are there any other cases? Because that one seemed, it was hard for me to understand how the Court got there, because it seemed to be that the Court determined that the supplier to the sub-subcontractor was somehow a third-party beneficiary of the contractor, subcontractor contract. Is that in the mainstream of Missouri thinking? The first observation to make is that if it's not in the mainstream, certainly we can assume that the Missouri Supreme Court would not have since twice pointed us to that case. In citing decisions on third-party beneficiaries in our supplemental citation, we pointed out two subsequent Supreme Court decisions that chose not to go to any other case, but solely to go to Nelson. But not for that proposition, right? It was just for the generic language of beneficiaries. Well, it was for the very proposition of how you determine who is a third-party beneficiary, but the point being that if the Supreme Court did not choose to point the analysis used in Nelson, why would they not have gone to some of the other many cases that are contended to have been more mainstream? I know that Nelson has been characterized as an aberration, and the point being why would the Supreme Court then point us to that analysis? Well, I guess my question is, however this comes out, it's at a minimum at the extreme end of third-party beneficiary to a degree. I'm having trouble on these facts trying to figure out what would be an incidental beneficiary. What do you think would be the dividing line on these facts? Well, let's start from why here it is, and maybe I can directly answer your question, is the very purpose of the settlement agreement was not to make the class members liable for payment and to derive then to transfer the right of payment against the parties who had agreed to perform the services. And in that context, where you, in any case, where you talk about any class that is going to derive the payment benefit from an agreement, this fits within that. In Nelson, we do get into some complications of the facts because of the subcontractor and sub-subcontractor, but the point to really focus in Nelson was that the court found the language upon which it was relying was that the agreement between the general and the first-year subcontractor was that the subcontractor would ensure that payment would be made for suppliers to the job. And there was a dual purpose there. Yes, there was a benefit to the owner and to preclude lien, but it was also to ensure payment upon the suppliers. Can you just point me to the agreement where I get that intent? First, I would say you start with the entire agreement, but I will point you to a number of issues. One, you have the language in the agreement that, under Section 8 of the agreement, it talks about that they're going to replace the Dip 2. Settling defendants' obligations. Which is paragraph 8. It talks about through approved plumbers with a commitment to ensure adequate and trained personnel to provide services timely, and they have contended that they wanted to have the work warrantied. Section 1.2 defines administrative costs, including payments to the third-party vendors that are needed to carry out the agreement. Section 8.3.1 speaks of administrative expense, likely as a drafting error over administrative costs. Paragraph 11 speaks of the attorney's fees that are to be awarded to the class, but it then makes a point of addressing the cost of administering the settlement that would not include the payments to the expenses under Section 1.2. See, I guess going back, they talk about you're really looking at whether the promisor assumes a direct obligation to this third-party beneficiary. That's the words. So it's not like how, you know, when we were law students, we thought third-party beneficiary meant who gets the benefit, but they kind of are turning it around a little in terms of the legal meaning of it. I'm still having trouble connecting the paragraph 8, which basically says, you know, if you're a person who's got a plumbing, a covered plumbing problem, you get to get it fixed. You get to have this replacement thing. You get to have it warrantied. Here's a list of the people who can do that. But what it's saying is I, as a class member, I am giving the entitlement to be paid for the services and the obligation to pay for those services. Here's where those obligations go, payment to the water tank defendants and the right to receive payment to the approved plumber. And one more point as to looking at the obligation, it's been admitted and it's admitted on the record that Garden City was retained specifically for the purpose of administering the payments to the approved plumbers and to issue payment to them. That was a delegation issue which, it's not in dispute, was granted to Garden City. That's all part of the record. Let me ask. Go ahead. Was there a pot of money specified that should be available to pay for this? Not in the settlement agreement, but the settlement agreement speaks with appointing a third-party administrator, which would be Garden City, to administer the fund and to issue the payments and to deal with that. So the agreement talks about the parties agreeing to someone to do that. What's the fund? I'm sorry? What is the fund? In terms of dollars amount? Well, there was a fund that was specified. In dollars amount? No, it was not. I thought I read somewhere where the fund ran out, the money ran out. That was a reference as to why Delta had requested payment and its collection agency had been advised that the fund had ran out. What does that mean? I didn't know what that meant.  But there's no limit in the settlement agreement that justified that as a reason for not paying. And if you will note in the decision by the Missouri District Court, he points out that another plumber had not been paid. That plumber had instead received assignments from the class members and therefore was allowed to seek to move to enforce a settlement agreement, which is what Delta tried to do here but was not allowed. So it apparently is not a problem that was isolated by Delta, per the record that we have through the decision, which really goes back to the issue of collateral estoppel, which is here we have the judge who was granted the jurisdiction to decide questions on the issue, was a judge who was familiar with the agreement, who unquestionably found an obligation to pay the approved plumbers of which Delta was a class. And on the legal points of that, and we only have a dispute over whether or not that was a necessary decision, what I would point out to this Court is, would Delta have even been allowed to file this action, subsequent action, if the district judge had found, I'm not going to allow you to intervene, but furthermore, I'm going to say that you are not a third-party beneficiary. I know this agreement and you're not. Would we have then been able to say, well, we're going to ignore your decision because you said we couldn't intervene? I submit not, and the same is true. What we have on the collateral estoppel issue is they're chopping out the issue so much that you basically would be promoting judges not to run their full and complete decisions. This was all within the context of one decision. He didn't pick a random issue apart. And, again, if you have a three-prong test and you win on two and lose on one, does it mean that you now can choose what issue to argue or re-argue or re-litigate down the road? Or what if you lose on both issues, but the second issue entitles you would have been one that, if it had gone in your favor, would have given you a cause of action? Do you get to say, well, I lost in the first, so now I'm going to re-litigate the second? We submit not. I'll save whatever little time I have. All right. Thank you. Good morning, Your Honors. May it please the Court and Counsel. My name is Ken Brendel, and I am here on behalf of, easiest enough to say, simply the defendants. There's enough of them. Certainly, some of the issues that come up that are a little problematic for us is that this was a class action that was brought in Missouri long before we were ever involved in this. However, with the issues that are presently here before the Court, we believe it is clear that Judge Sedgwick, for the District Court of Arizona, was correct in saying that collateral estoppel did not apply. As the test was set forth, the issue is identical to the prior matter. The issue was actually litigated in the prior matter. And then, most importantly, or certainly what seems to be the issue first and foremost here, the determination of the issue in the prior matter was a critical and necessary part of the judgment in the prior matter. And we are certainly not here disputing the fact that the Missouri Court, I believe, in its decision, the statement that Delta Mechanical, he considered Delta Mechanical to be a third-party beneficiary. But as the judge in Missouri, in that decision, also went through prior to that determination, he explicitly set forth that he had denied their motion on the basis, among others, of timeliness. And ultimately, when he got to the issue of Delta Mechanical being a third-party beneficiary, his comment was, regardless of their status, the motion was untimely, which would certainly lead one to believe that that's not a critical and necessary part of that decision. But assuming we get past the collateral estoppel issue, help me think about what we do about this Nelson Company case, which certainly suggests that there's no, at least for that court, the State Appellate Court, there's no real stopping point for who can be a intended third-party beneficiary. Thank you. And, Your Honor, as I read through the Nelson matter, my questions were similar to those that you posed to Mr. Antelli. I have a hard time following that case. As I read Nelson, what it seemed to me the judge was trying to do was trying to fashion the argument so that Nelson could get paid. But I believe it is an entirely distinguishable matter. What we have in this case is a class action settlement between water tank manufacturers and the class, then with the set of approved plumbers to come in and perform the work. In Nelson, you had, I believe the court even described it as a supplier to a sub-sub-contractor, which had apparently been manufactured specialized plumbing supplies. But I think as the court went through its analysis in Nelson, it looked at multiple contracts that were between the contractor and sub, contractors and sub-subs and sub-contractors and the like, in order to find that there had been specific and explicit promises to get everyone paid, promises from the contractor on down. And importantly, I think also what's at issue in that Nelson case is, towards the end of that matter, when the court pointed out that with this being a federal project, and this is not something I'm entirely familiar with, but apparently the issue of material men's and mechanics liens was not available to Nelson. Well, I mean, you may say it was a result-oriented opinion, but nonetheless, that's the opinion we have from the State Appellate Court. Is there any reason why we're not bound by that? Because as far as I could tell, the only reason that the supplier was a third-party beneficiary is because the contractor-subcontractor contract merely said that the contractor would be responsible for the cost of supplies. And I'm not sure why that's not analogous to the case we have here, where the tank manufacturer says we'll be responsible for the cost of the plumbing work. Certainly. I believe, as we put in our brief, the Nelson case does seem to be an anomaly. There are other matters out there, volume services, I believe. Are there any cases that said, and I looked for some and I didn't find them, that said where Missouri courts have held this at least is not an intended third-party beneficiary, this is merely an incidental beneficiary? I guess that's following up on Judge McEwen's question, like where do we draw the line? Where does Missouri draw the line? And I was unable to find anything that explicitly said that as well. But going through, for example, the volume services matter, I think the line that volume services drew would be very applicable to this matter here at least. And in volume services on page 795, it said forth, although a mere knowledge by the parties that some class of businesses or even a particular business might profit from the contract would not suffice, specific provisions in the contract showing an assumption of responsibilities by the defendants for all damage to lessees or other classes of which plaintiff is a member could adequately indicate intent. And I think that helps draw the line because what we have here, at least with Delta, is a business with approved plumbers.  But what they're doing here is they're profiting from this settlement agreement. Who's profiting? The approved class of plumbers. Or in this case, Delta. Only if they get paid. If they get paid, certainly. And as the settlement agreement set out, there was basically a checklist on what they were to do. Well, tell me how they're supposed to get paid. You have a bunch of water tank manufacturers who create a water tank that's got a defect in it. And they get sued by a bunch of people who say this defect damaged us in one way or another. They settle and they say, okay, we'll pay to fix your water tanks. Apparently how this came about was that very issue. Apparently, and I've learned far too much about water tanks in this matter, but apparently there is a dip tube in the middle of a water tank that takes the cold water down. It melts. That failed. But the water tank people say we'll pay for the damage created by this defect in the water. Okay, and then they say, and here's a list of approved plumbers that can do the work, right? Well, as the process was, the homeowners... Was that right or wrong? Ultimately, yes. Yeah. Okay, so let's go back to the Missouri court opinion, the district court. The district court says, you know, Delta is a third-party beneficiary as the agreement entitles approved plumbers to reimbursement from the settlement fund for properly documented dip tube repair work. That's where I was going. So that, I think, is that accurate? In other words, plumber goes out, fixes the dip tube. Plumber asks for reimbursement to the fund, not the homeowner. From manufacturer, not homeowner. From the manufacturer. Is that right? So the plumber actually, and first, the plumber's on an approved list. Right. Right. So that's why I think that then the district court in Missouri goes on to say that Delta, Delta is a third-party beneficiary with the right to enforce the settlement agreement. So, in other words, they go in, they install 25 of these or 25,000 or however many there are, and they don't get reimbursement. The district court is saying, well, they get to go directly after to enforce the contract because they're supposed to get paid under the contract. How in the world are they supposed to get paid if the manufacturers or garden doesn't have any obligation to pay them? You're saying they don't get paid, period. They did all the work, so what? Where are they supposed to get paid? Who's supposed to pay them? Well, and ultimately, I believe as that issue progresses, if this matter were to proceed on the merits, there would certainly be issues regarding whether or not Delta followed the proper procedure by which to get paid. How in the world are they supposed to get paid? You're saying that they can't turn to this contract in any respect whatsoever in order to get paid. So where do they turn? Just freestanding unjust enrichment or something like that? Well, as Mr. Iantelli pointed out, I believe the other plumber who was in an outfit called Plumbing Express, apparently what they had done was they had entered into agreements with the homeowners. I was not part of that, but reading the footnote. If you read the settlement agreement, that really undermines. It basically puts the homeowners already on the hook. They got a busted toilet. Now you're basically saying and, in effect, they have to guarantee payment on something that they just settled to get paid for by somebody else. Wouldn't that be a little bit of a perversion of the intent of the agreement? I would agree that that's as it would sound. You know, setting aside all the third-party beneficiary stuff, it seems that your client is trying to get out from under an obligation to pay the plumbers. All I can say, not having been involved in that settlement agreement discussion with you. I mean, what's the point? The people who were injured didn't say, well, we're willing to pay for it. We'll settle it, and, you know, if they don't pay for it, we'll pay for it. That's not what happened. Well, and specifically, as you inquired, Mr. Iantelli, the fund, my understanding is that the water tank manufacturers had an idea as to how many of these dip tubes were out there and were to be replaced, and they created a fund in order to pay. But was it stipulated that would be the total amount that was available to fix these water tanks, or was that just a fund that was created for the purpose? And if it was more than that, they had the obligation to pay it. That I do not know, Your Honor. Okay, where did the plumbers turn, and how do they do it to get paid for the work that they did pursuant to this, whatever it was you want to call it? Well, the homeowners, after they submitted a proof of claim, they were then to the homeowners would receive a redemption certificate that when the plumbers showed up and did the work, the plumbers would apparently be given the certificate. And what do the plumbers do with the certificate? They send it to Garden City. They were then to send it to Garden City Group, the claims administrator. And then they get to argue over, did you do the right thing, or was it a, you know, they get to argue over the details. And then Garden City has to pay it. So what's the point? What's this all about? Well, initially when the matter was brought in in Missouri. You're saying we don't have to pay it. At this point, that's our argument. Why? On what ground do you not have to pay it? You just told me if you get the certificate, you have to pay it. Because as this matter proceeded through the Missouri courts, I mean, there was a timeliness issue. And they, and Delta was notified back, I believe, in 2003, that the fund had been exhausted, that the settlement fund had been exhausted, in their attempts to intervene, in their attempts to enforce a settlement agreement. And that is then where this third-party. That's why I don't quite understand the fund. I mean, if there was an agreement that only X amount of dollars would be available, that might be one thing. But nobody's showed me that so far. And I have nothing to establish that the amount in the fund was. . . Do you admit that you have to pay the plumbers if they present a certificate and lived up to their obligations? If they live up to their obligations and perform properly. . . Then I don't understand. And why do we have this argument? In other words. . . What's the point? Now we're in Arizona. We're in the Arizona federal court. If you're saying that your client does have to pay, assuming the plumbers and Delta follow all the criteria, why are we having this argument as a practical matter? I'm just having a little trouble. Right. Because just a minute ago, I think you said, no, we don't have to pay. But then you told Judge Trott you do have to pay. So which is it, do you think? Well, as my clients are here today, their position is we do not have to pay for these claims. Okay. Now that's taking aside, I mean, strictly the issue we're here on. I mean, that's also saying that knowing the merits of the matter. I mean, so. . . No, no, no. We've got to. . . You kind of have to break it up. So your view is that they can sue you or not sue you, and then we figure out the merits. If they are determined to be third-party beneficiaries, which we believe they're not, then this matter would proceed on the merits. So what you're really saying is we don't think they can be third-party beneficiaries, and therefore we don't think they can sue us. Correct. So we don't even need to get to the merits because they just can't sue us. Correct. And they're basically SOL as far as the old dipstick is concerned. Correct. And so that's why in response to your question, part of my answer goes to ultimately looking at the merits as to whether or not the water tank manufacturer. . . But we don't have to go there. Correct. But we don't need to go there because they cannot meet the criteria in order to establish that they are third-party beneficiaries. I think I understand your position now. I thought I had understood from your brief that Delta went on to perform this work on its own initiative and wasn't performing it for individuals who had these redemption certificates. Is that not correct? Well, certainly. So the settlement puts out a framework for giving these, the settling plaintiffs, a certificate for compensation for the work that's being done, and then that certificate is given to the authorized plumbers who can then get funds. And my understanding from your brief was that the particular settling plaintiffs in this case didn't have that paperwork, and yet Delta had gone out and just done work on its own. Did Delta have some assurances, or why does Delta have any relationship then to the pool of money? I guess I'm confused based on your briefing. Well, and actually, and I'll address this and then I'm out of time. If you look at Delta's opening brief, I mean, what is set forth in there is that they went out, performed work for homeowners who were then not provided certificates. That's the entire group? None of them had certificates? No, some did. Some did and some didn't. Correct. I mean, our understanding as to what happened here was that Delta ultimately started going door-to-door in various residences and started inquiring of the homeowners if they had a certain make, model, or brand of water. But you don't have to pay the ones, even the ones that had certificates. That's the point I was getting at. At this point, correct. But ultimately, as their explanation goes, they're putting the cart before the horse here. They're claiming that they went out and did work for some homeowners who did not have certificates. But if you read through the settlement agreement, the only point at which they would have been contacted, and they being Delta or any of the approved plumbers, would have been contacted would have been once the homeowner would have received the certificate along with the approved list of plumbers. Those two groups, those with and those without certificates. Correct. Correct. So ultimately, we believe that they do not meet the test as a third-party beneficiary, and we would ask that Judge Sedgwick's decision be upheld. Thank you very much. Thank you. A few points. If Delta is not determined to be a third-party beneficiary, then they would absolutely, this class action settlement would have been funded at the expense of the plumbers who went and did the work. It's just simply that simple. The homeowners, when they had their repair done, didn't care anymore, and if they didn't get their repairs done. So the group that Delta was doing the work for, some had certificates of redemption and some did not. Is that correct? Your Honor, first of all, the answer is yes, but that is a wholly irrelevant issue for your question before you because the complaint, we got dismissed at the pleading stage. The complaint alleged that the procedures were followed, but to answer your question more in detail, there were problems with Garden City issuing the certificates, and people were getting very frustrated. They weren't issuing the certificates because the manufacturers weren't funding it. So a number of issues arose, and in fact there will be evidence that many plumbers, including Delta, received payment anyways for other procedures done exactly this way. The point is that's down the road. That's down the road. Let's just assume you're partially right in some way. Is it your position that because it's a 12-6 motion that you need to leave for summary judgment the issue of third-party beneficiary? That was our backup position. That's your backup position. I think you have enough to determine that without the plumbers, without the approved plumbers, DND and third-party beneficiaries, you have no obligation to put upon the settling parties. Delta and the others didn't do the defense. But even if we were to decide just hypothetically as a matter of law that the contract is set up in a way that Delta or the plumbers could be third-party beneficiaries, you would still have all the issues that he raised about whether actually in the circumstances alleged you fall under the agreement or not under the agreement. Would that still all be up for grabs? The issue would be whether we met the requirements to receive the payment. Absolutely. Like any other party who seeks to enforce a contract, did they perform? And we welcome that challenge and simply ask for the opportunity. What is the key case that you want us to look at before we make a final decision? Nelson? I believe Nelson is a key case regarding who qualifies as a third-party beneficiary. And volume services is a key case that says you have to consider the surrounding circumstances, including what was the very purpose of the agreement the parties entered into. Thank you. The case just argued is submitted. Thank you both for your arguments. We know a little bit more about plumbing now than we used to, but not as much as you all, I'm sure. With that, we're adjourned for the morning.
judges: Trott, McKeown, Ikuta